

DA 11-0184

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 207N

ERIC R. SMITH,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-10-1686
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Eric R. Smith (Self-Represented), Missoula, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney, Susan E. Boylan,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 3, 2011

Decided:  August 23, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eric Smith appeals the Fourth Judicial District Court's denial of his petition for postconviction relief. We affirm.

## ISSUE

¶3 The dispositive issue on appeal is whether the District Court erred when it denied Smith's petition for postconviction relief on the grounds that it was not timely filed.

## STANDARD OF REVIEW

¶4 We review a district court's findings of fact for clear error in postconviction relief proceedings and its conclusions of law for correctness. *Rogers v. State*, 2011 MT 105, ¶ 12, 360 Mont. 334, 253 P.3d 889.

## DISCUSSION

¶5 In December 2002, Smith, a self-represented litigant, was tried and convicted by a jury in the Missoula Municipal Court of misdemeanor indecent exposure for allegedly masturbating in front of his then four-year-old daughter. Smith appealed and in September 2003 the Fourth Judicial District Court affirmed the Municipal Court's decision. Smith appealed the District Court's decision and this Court dismissed his

appeal as untimely. Smith's conviction became final upon the expiration of the time for petitioning the United States Supreme Court for review of our decision, which occurred in 2004. Section 46-21-102(1)(b), MCA.

¶6 Smith filed a postconviction relief (PCR) petition in the District Court. The District Court denied the petition without a hearing. This Court affirmed the District Court's ruling. Smith filed a second PCR, and again the District Court denied it without a hearing. In May 2006, this Court affirmed the District Court's denial. On December 16, 2010, Smith filed his third PCR claiming "newly discovered evidence." The District Court dismissed the PCR because it was not filed within one year of the date his conviction became final. It is from this ruling that Smith now appeals.

¶7 As noted by the District Court, a petition for postconviction relief must be filed within one year of the date on which a defendant's conviction becomes final. Section 46-21-102(1), MCA. However, under § 46-21-102(2), MCA, a defendant may file a later PCR petition if he or she is alleging the discovery of new evidence that would establish the defendant did not engage in the criminal activity for which he or she was convicted. Such a PCR petition must be filed within one year of the discovery of the new evidence. Smith's claim of newly discovered evidence is unpersuasive. The District Court therefore correctly denied Smith's PCR as untimely.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the

3

District Court correctly interpreted.  We affirm the District Court as to the remaining issue.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JIM RICE